**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| HPI RACING LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| HOBBICO, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**NOW COMES** the Plaintiff, HPI Racing Limited ("*HPI*"), by and through its attorneys, Chapman and Cutler LLP, and for its Complaint against Defendant Hobbico, Inc. ("*Hobbico*", and with HPI, the *"Parties"*), respectfully alleges as follows:

## PARTIES

1. HPI is organized under the laws of the United Kingdom, with its principal place of business located at 19 William Nadin Way, Swadlincoate, DE11 0BB, United Kingdom.

2. Defendant Hobbico is a corporation organized under the laws of the State of Illinois, with its principal place of business located at 2904 Research Road, Champaign, Illinois 61822.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) because HPI is a citizen of the United Kingdom, Hobbico is a citizen of Illinois, and the amount in controversy exceeds the sum of $75,000.00.

4. This Court has personal jurisdiction over Hobbico because Hobbico resides in and transacts business in this District.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Hobbico resides in this District, goods were shipped to this District, and requests to purchase goods originated in this District.

### INTRODUCTION

6. HPI has been in the business of selling components of radio controlled cars and trucks to distributors throughout the world since 2016.

7. Beginning in January 2013, HPI's predecessor, Hobby Products International Europe Ltd. (*"HPIE"*), began transacting business with Hobbico.

8. A course of conduct and dealing was established between HPIE and Hobbico whereby: (1) Hobbico would send a purchase order to HPIE by emailing to an HPIE representative an Excel spreadsheet specifying the inventory Hobbico wished to order (each being a *"Purchase Order"*); (2) HPIE would fulfill the Purchase Order and ship the requested order to Hobbico; and (3) HPIE would issue Hobbico a written invoice for payment on the date the order was shipped to Hobbico (each being an *"Invoice"*).

9. Enforceable contracts were created between HPIE and Hobbico, both of whom are merchants, following Hobbico's submission of a Purchase Order, HPIE's subsequent shipping of conforming goods, and HPIE's issuance of an Invoice to Hobbico.

10. At all relevant times, Hobbico made payment to HPIE on Invoices issued to Hobbico by HPIE within 14 days thereafter.

11. On or about June 1, 2016, the instant Plaintiff, HPI, purchased the assets of HPIE in an Administration proceeding[1] initiated in the United Kingdom.

12. Following HPI's acquisition of HPIE's assets, HPI continued to ship orders to Hobbico upon receipt of a Purchase Order and issue Invoices to Hobbico, and Hobbico

---

[1] An Administration proceeding is generally analogous to a Chapter 11 proceeding under the U.S. Bankruptcy Code.

continued to timely pay the Invoices within 14 days, all in accordance with the established course of conduct and dealing established between HPIE and Hobbico in place since 2013.

13. Enforceable contracts were created between the Parties as a result of their aforementioned exchange of Purchase Orders and Invoices.

14. From 2013 to present, there has been no material change in the course of conduct and dealing between Hobbico, HPIE and HPI.

## COUNT I

### BREACH OF CONTRACT

1-14. HPI realleges and incorporates by reference Paragraphs 1 – 14 above as Paragraphs 1 – 14 of Count I.

15. Beginning on or about May 22, 2017 through September 1, 2017, Hobbico placed a number of orders with HPI (the *"Purchase Orders"*) in accordance with the established course of dealing relating to the processing, shipment and payment of orders sent to HPI by Hobbico, as described above. True and accurate copies of the Purchase Orders are attached hereto as Group Exhibit A.

16. On July 27, 2017, HPI issued an invoice to Hobbico in the amount of $82,449.94 (the *"First Invoice"*), representing amounts due and owing to HPI for certain inventory shipped to and accepted by Hobbico as requested in the Purchase Orders. On July 28, 2017, HPI issued an invoice to Hobbico in the amount of $32,483.45 (the *"Second Invoice"*), representing amounts due and owing to HPI for certain inventory shipped to and accepted by Hobbico as requested in the Purchase Orders. On August 2, 2017, HPI issued an invoice to Hobbico in the amount of $1,600.00 (the *"Third Invoice"*, and with the First Invoice and Second Invoice, the *"Outstanding Invoices"*), representing amounts due and owing to HPI for certain shipping costs

Hobbico agreed to pay to HPI. True and accurate copies of the Outstanding Invoices are attached hereto as Group Exhibit B.

17. As established by the course of conduct and dealing between the Parties requiring Hobbico to timely pay HPI within 14 days of the issuance of an Invoice to Hobbico, the Outstanding Invoices were due to be paid by Hobbico within 14 days of their issuance.

18. Upon information and belief, HPI delivered to Hobbico all inventory ordered under the contracts, complied with all of the terms and conditions of the contracts, and completed all that was required of them under the contracts.

19. Hobbico accepted all inventory furnished by HPI and at no time revoked acceptance of the goods delivered to HPI pursuant to the Purchase Orders.

20. Hobbico at no time disputed the amounts due to HPI pursuant to the Outstanding Invoices.

21. Hobbico is in breach of the contracts between the Parties for failing to make timely and complete payments to HPI on the Outstanding Invoices owed to HPI for the inventory delivered by HPI to Hobbico.

22. HPI made written demand on Hobbico for payment of the Outstanding Invoices on September 26, 2017 and September 28, 2017 (the *"Demand Letters"*). True and accurate copies of the Demand Letters are attached hereto as Group Exhibit C.

23. Hobbico is required to pay to HPI the contract price for goods received as set forth in the Outstanding Invoices.

24. To date, HPI has not received payment from Hobbico on the Outstanding Invoices.

25. As of October 12, 2017, the current amounts due and owing by Hobbico to HPI under the Outstanding Invoices is the fixed amount of $116,533.39.

26. HPI is entitled to prejudgment interest at the rate of five percent per annum on the Outstanding Invoices pursuant to 815 ILCS 205/2.

**WHEREFORE**, Plaintiff HPI Racing Limited, respectfully requests that judgment be entered in its favor and against Defendant Hobbico, Inc. in the amount of $116,533.39, plus accrued and accruing prejudgment interest, and any other relief that this Court deems just and proper.

## COUNT II

### QUANTUM MERUIT (UNJUST ENRICHMENT)

27. For paragraph 27 of Count II, Plaintiff realleges paragraphs 1–26 of Count I.

28. In the event this Court finds there are no enforceable contracts between HPI and Hobbico, HPI is nonetheless entitled to recovery against Hobbico to the extent that Hobbico has been unjustly enriched at the expense of HPI under the doctrine of *quantum meruit*.

29. It would be unfair, unjust, and inequitable to allow Hobbico to have received the value of the goods delivered without paying supplier HPI.

30. The fair market value of the materials provided by HPI to Hobbico equals at least $116,533.39, plus accrued and accruing prejudgment interest.

31. As alleged herein, Hobbico has failed to pay HPI the fair market value of the goods delivered by HPI to Hobbico.

**WHEREFORE**, Plaintiff HPI Racing Limited, respectfully requests that judgment be entered in its favor and against Defendant Hobbico, Inc. in the amount of $116,533.39, plus accrued and accruing prejudgment interest, and any other relief that this Court deems just and proper.

>Respectfully submitted,
>
>HPI RACING LIMITED
>
>
>By     /s/ Bryan E. Jacobson
>        One of Its Attorneys

David T.B. Audley
Bryan E. Jacobson
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3000
bjacob@chapman.com